UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

M & S GENERAL CONSTRUCTION CORPORATION,

                    Plaintiff,

-against-

RLI INSURANCE COMPANY,

                    Defendant.

------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

Docket No. 11-CV-3402(LBS)(DF)

RECEIVED AUG 16 2011 U.S.D.C.

      M & S General Construction Corporation ("M & S"), by its attorneys, Welby, Brady & Greenblatt, LLP, for its amended complaint, alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff, M & S, furnished certain labor, materials and equipment to TNS Management Services, Inc. ("TNS") in connection with the construction project known as Masonry, Roofs, Parapets, Doors at PS 153 (Manhattan), situated at 1750 Amsterdam Avenue, Borough of Manhattan, County, City and State of New York (the "Manhattan Project").

      2.     Defendant, RLI Insurance Company ("RLI"), is the surety on a labor and material payment bond numbered RNS-124794 ("Manhattan Payment Bond") issued by RLI, as surety, and TNS, as principal, in connection with the Manhattan Project.

      3.     RLI and TNS are jointly and severally liable on the Manhattan Payment Bond.

      4.     There is due and owing to M & S the sum of $867,304.67, together with interest thereon and costs, on account of the labor, materials and equipment furnished by M & S to TNS for use at, and improvement of, the Manhattan Project.

1

5. This action asserts a Payment Bond claim against RLI, seeking to recover the monies due to M & S for the Manhattan Project.

6. M & S also furnished certain labor, materials and equipment to TNS in connection with the construction project known as Exterior Masonry PS 31 (Queens), situated at 211-45 46th Road, Bayside, Borough and County of Queens, City and State of New York (the "Queens Project").

7. RLI is also the surety on a labor and material payment bond numbered RNS-124790 ("Queens Payment Bond") issued by RLI, as surety, and TNS, as principal, in connection with the Queens Project.

8. RLI and TNS are jointly and severally liable on the Queens Payment Bond.

9. There is due and owing to M & S the sum of $1,014,906.29, together with interest thereon and costs, on account of the labor, materials and equipment furnished by M & S to TNS for use at, and improvement of, the Queens Project.

10. This action also asserts a Payment Bond claim against RLI, seeking to recover the monies due to M & S for the Queens Project.

11. M & S also furnished certain labor, materials and equipment to TNS in connection with the construction project known as Brooklyn Museum, Ph 4B-Basement Renovation (the "Brooklyn Museum Project"), located at 200 Eastern Parkway, in the Borough of Brooklyn, County of Kings, City and State of New York.

12. RLI is also the surety on a labor and material payment bond numbered RNS-124789 (the "Brooklyn Museum Payment Bond") issued by RLI, as surety, and TNS, as principal, in the amount of $3,641,000.00, in connection with the Brooklyn Museum Project.

13. RLI and TNS are jointly and severally liable on the Brooklyn Museum Payment Bond.

14. There is due and owing to M & S the sum of $251,080.39, together with interest thereon and costs, on account of labor and materials furnished by M & S to TNS for use at, and improvement of, the Brooklyn Museum Project.

15. This action also asserts a bond claim against RLI, seeking to recover the monies due to M & S for the Brooklyn Museum Project.

## PARTIES, JURISDICTION AND VENUE

16. Plaintiff, M & S, was and is a New York corporation organized and existing by virtue of the laws of the State of New York, with a place of business located at 97-53 105th Street, Ozone Park, New York 11416.

17. Upon information and belief, Defendant, RLI, was and is a foreign corporation, organized and existing under the laws of the State of Illinois, licensed to conduct business as a surety company in the State of New York, with a place of business located at 9025 No. Lindbergh Drive, Peoria, Illinois 61615.

18. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

19. Pursuant to 28 U.S.C. § 1332, this Court possesses diversity jurisdiction over this action.

20. Pursuant to 28 U.S.C. § 1391(a)(2), venue lies in the Southern District of New York.

## COUNT ONE

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as though more fully set forth at length herein.

22.     Upon information and belief, the New York City School Construction Authority ("SCA") entered into a written contract with TNS, whereby TNS agreed to furnish all of the labor, materials, and equipment required for the construction of the Manhattan Project.

23.     Upon information and belief, on or about March 23, 2009, RLI, as surety, and TNS, as principal, issued the Manhattan Payment Bond, guaranteeing, jointly and severally, prompt payment of all monies due to all persons furnishing labor, materials, and/or services for use, or reasonably required for use, in connection with the above-referenced contract between the SCA and TNS.

24.     Thereafter, on or about November 2009, M & S and TNS entered into a written agreement (the "Manhattan Agreement") pursuant to which M & S agreed to furnish certain labor, materials and equipment for the performance of certain masonry work at the Manhattan Project, for the agreed price, exclusive of extra and/or additional work, of $1,600,000.00.

25.     Thereafter, M & S agreed, was forced and/or directed by TNS to furnish additional labor, materials and equipment for an agreed price and/or reasonable value of $738,322.67.

26.     Accordingly, the total adjusted amount of the Manhattan Agreement is $2,338,322.67.

27.     M & S has performed all of its obligations under the terms of the Manhattan Agreement to the extent it has not been frustrated and/or impeded by TNS, and has complied with all of the conditions contained in the Manhattan Payment Bond.

28. M & S is currently due $867,304.67, plus interest thereon, for the labor performed and materials and equipment furnished to TNS for the Manhattan Project, no part of which has been paid by TNS, although demand has been duly made.

29. TNS and RLI are jointly and severally liable to M & S.

30. RLI has failed to make payment, although demand for payment has been duly made by M & S.

31. By reason of the above, M & S has been damaged and demands judgment against the defendant, RLI, in the amount of $867,304.67, together with interest thereon and the costs of this action.

## COUNT TWO

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as though more fully set forth at length herein.

33. Upon information and belief, the SCA entered into a written contract with TNS, whereby TNS agreed to furnish all of the labor, materials, and equipment required for the construction of the Queens Project.

34. Upon information and belief, on or about February 9, 2009, RLI, as surety, and TNS, as principal, issued the Queens Payment Bond, guaranteeing, jointly and severally, prompt payment of all monies due to all persons furnishing labor, materials, and/or services for use, or reasonably required for use, in connection with the above-referenced contract between the SCA and TNS.

35. Thereafter, on or about November 2009, M & S and TNS entered into a written agreement (the "Queens Agreement") pursuant to which M & S agreed to furnish certain labor,

materials and equipment for the performance of certain masonry work at the Queens Project, for the agreed price, exclusive of extra and/or additional work, of $850,000.00.

36. Thereafter, M & S agreed, was forced and/or directed by TNS to furnish additional labor, materials and equipment for the agreed price and/or reasonable value of $947,621.80.

37. Accordingly, the total adjusted amount of the Queens Agreement is $1,797,621.80.

38. M & S has performed all of its obligations under the terms of the Queens Agreement to the extent it has not been frustrated and/or impeded by TNS, and has complied with all of the conditions contained in the Queens Payment Bond.

39. M & S is currently due $1,014,906.29, plus interest thereon, for the labor performed and materials and equipment furnished to TNS for the Queens Project, no part of which has been paid by TNS, although demand has been duly made.

40. TNS and RLI are jointly and severally liable to M & S.

41. RLI has failed to make payment, although demand for payment has been duly made by M & S.

42. By reason of the above, M & S has been damaged and demands judgment against the defendant, RLI, in the amount of $1,014,906.29, together with interest thereon and the costs of this action.

## COUNT THREE

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" with the same force and effect as though more fully set forth at length herein.

44. Upon information and belief, the Brooklyn Museum ("the Museum") entered into a written contract with TNS, whereby TNS agreed to furnish all of the labor, materials and equipment required for the improvement of the Brooklyn Museum Project.

45. Upon information and belief, on or about February 3, 2009, RLI, as surety, and TNS, as principal, issued the Brooklyn Museum Payment Bond, guaranteeing, jointly and severally, prompt payment of all monies due to all persons furnishing labor and material used, or reasonably required for use, in connection with the above-referenced contract between the Museum and TNS.

46. Thereafter, on or about November 3, 2009, M & S and TNS entered into a written agreement (the "Brooklyn Museum Agreement"), pursuant to which M & S agreed to furnish certain labor, materials and equipment for the performance of certain masonry work at the Brooklyn Museum Project, for the agreed price, exclusive of extra and/or additional work, of $654,775.00.

47. Thereafter, M & S agreed and/or was forced and/or directed by TNS to furnish additional labor and materials for an agreed price and/or reasonable value of $281,763.11.

48. Thereafter, M & S and TNS agreed that M & S would only complete part of the contract, for the amount of $491,468.50.

49. Accordingly, the total value of all labor performed and materials furnished by M & S to the Brooklyn Museum Project was $773,231.61.

50. M & S has performed all of its obligations under the terms of the Brooklyn Museum Agreement to the extent it has not been frustrated and/or impeded by TNS, and has complied with all of the conditions contained in the Brooklyn Museum Payment Bond.

51. M & S is currently due $251,080.39, plus interest thereon, for the labor performed, and materials furnished, to TNS for the Brooklyn Museum Project, no part of which has been paid by TNS, although demand has been duly made.

52. RLI and TNS are jointly and severally liable to M & S.

53. RLI has failed to make payment, although demand for payment has been duly made by M & S.

54. By reason of the above, M & S has been damaged, and demands judgment against the defendant, RLI, in the amount of $251,080.39, together with interest thereon and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, M & S General Construction Corporation, demands judgment as follows:

1. On the First Cause of Action, judgment against RLI Insurance Company, in the amount of $867,304.67, together with interest thereon and the costs and disbursements of this action.

2. On the Second Cause of Action, judgment against RLI Insurance Company, in the amount of $1,014,906.29, together with interest thereon and the costs and disbursements of this action.

3. On the Third Cause of Action, judgment against RLI Insurance Company, in the amount of $251,080.39, together with interest thereon and the costs and disbursements of this action.

4. For such other and further relief as to this court may seem just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff, M & S General Construction Corporation, by and through its attorneys, Welby, Brady & Greenblatt, LLP, hereby demands a trial by jury of all issues so triable.

Dated:  White Plains, New York
        August 16, 2011

                                      WELBY, BRADY & GREENBLATT, LLP

By: _____
     Tristan Smith [TS-4891]
     Anthony P. Carlucci, Jr. [AC-7565]
     *Attorneys for Plaintiff,*
     *M & S General Construction Corporation*
     11 Martine Avenue, 15th Floor
     White Plains, New York 10606
     Tel.:  (914) 428-2100
     Fax:   (914) 428-2172
     Email: tsmith@wbgllp.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 16, 2011.

                                    Tristan Smith